IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

EDJACIR MARCIO ALBERTO JACINTO,

               Plaintiff,

v.

HIRERIGHT, LLC,

               Defendant.

Case No.: 3:26-cv-01632

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Edjacir Marcio Alberto Jacinto ("Plaintiff"), by and through undersigned counsel, sues Defendant HireRight, LLC ("HireRight" or "Defendant"), and alleges as follows:

## INTRODUCTION

1. This is an action for damages, costs, and attorney's fees arising under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq*.

2. Defendant is a consumer reporting agency that prepares and furnishes employment background check reports to employers throughout the United States.

3. Plaintiff applied for employment as a commercial motor vehicle driver with Landstar Ranger, Inc. ("Landstar").

4. In connection with Plaintiff's application, Landstar procured one or more employment background check reports from Defendant.

5. As part of its reports, Defendant assembled and furnished commercial

1

Jacinto v. HireRight, LLC
Complaint and Demand for Jury Trial

driver's license information, CDLIS information, motor vehicle records, and FMCSA PSP information concerning Plaintiff.

6.    Defendant repeatedly reported inaccurate and materially misleading information concerning Plaintiff's commercial driver's license history.

7.    Specifically, Defendant repeatedly identified Plaintiff's expired New Jersey commercial driver's license ending in 3841 as the "Current License reported by CDLIS."

8.    Plaintiff's New Jersey CDL expired on March 31, 2021.

9.    Prior to Defendant's reporting, Plaintiff had already obtained a valid Florida commercial driver's license ending in 1060.

10.    Plaintiff's Florida CDL was issued on February 9, 2024 and remained valid throughout the events described herein.

11.    Despite the existence of Plaintiff's valid Florida CDL, Defendant continued reporting the expired New Jersey CDL as the current CDLIS license.

12.    Defendant further excluded Plaintiff's Florida CDL from the PSP inquiry process and reported that the Florida CDL was "Not Ordered – Multiple License File Excluded."

13.    As a result, Defendant failed to provide Landstar with complete and accurate information regarding Plaintiff's valid commercial driving credentials.

14.    Defendant's reporting created the misleading impression that Plaintiff's

2

current commercial driving credentials were associated with an expired New Jersey CDL rather than his active Florida CDL.

15.    Defendant knew or should have known that employers in the transportation industry rely heavily upon CDLIS, PSP, and MVR information when evaluating applicants.

16.    Plaintiff disputed the inaccuracies directly with Defendant and provided supporting documentation demonstrating that the New Jersey CDL was expired and that Plaintiff possessed a valid Florida CDL.

17.    Defendant nevertheless failed to conduct a reasonable reinvestigation and continued publishing materially misleading information.

18.    Defendant does not employ reasonable procedures to assure the maximum possible accuracy of the information it reports regarding consumers. Defendant's failure to employ reasonable procedures resulted in Plaintiff's reports being grossly inaccurate.

19.    Defendant committed these violations pursuant to its standard policies and practices, which harm innocent consumers seeking employment by prejudicing their prospective employers with inaccurate information regarding their licensure status.

20.    As a result of Defendant's conduct, Plaintiff lost employment opportunities, suffered economic damages, expended time and effort attempting to

Jacinto v. HireRight, LLC
Complaint and Demand for Jury Trial

correct the inaccurate reporting, and suffered emotional distress, frustration, embarrassment, and anxiety.

21.     As a result of Defendant's conduct, action, and inaction, Plaintiff brings claims against Defendant for failing to follow reasonable procedures to assure maximum possible accuracy based on 15 U.S.C. § 1681e(b) of the FCRA, and for failing to conduct a reasonable reinvestigation to determine whether the information Plaintiff disputed – the status of his issued commercial driver's license – was inaccurate and should be corrected in the subject consumer report, in violation of the FCRA, 15 U.S.C. § 1681i.

## PARTIES

22.     Plaintiff is a natural person residing in Florida and is a consumer as defined by 15 U.S.C. § 1681a(c).

23.     Defendant HireRight, LLC is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f).

24.     Defendant regularly assembles, evaluates, and furnishes consumer information for employment purposes to third parties for monetary fees.

25.     Defendant conducts substantial business throughout Florida and within this District.

## JURISDICTION AND VENUE

26.     This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C.

Jacinto v. HireRight, LLC
Complaint and Demand for Jury Trial

§ 1331 and 15 U.S.C. § 1681p.

27. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District.

28. Defendant regularly conducts business within this District and is subject to personal jurisdiction herein.

## STATUTORY BACKGROUND

29. Enacted in 1970, the FCRA's passage was driven in part by two related concerns: first, that consumer reports were playing a central role in people's lives at crucial moments, such as when they applied for a job or credit, and when they applied for housing. Second, despite their importance, consumer reports were unregulated and had widespread errors and inaccuracies.

30. While recognizing that consumer reports play an important role in the economy, Congress wanted consumer reports to be "fair and equitable to the consumer" and to ensure "the confidentiality, accuracy, relevancy, and proper utilization" of consumer reports. 15 U.S.C. § 1681.

31. Congress, concerned about inaccuracies in consumer reports, specifically required consumer reporting agencies to follow "reasonable procedures to assure maximum possible accuracy" in consumer reports. 15 U.S.C. § 1681e(b).

32. Consumer reports that contain factually incorrect information which

Jacinto v. HireRight, LLC
Complaint and Demand for Jury Trial

does not belong to the consumer at issue are neither maximally accurate nor fair to the consumers who are the subjects of such reports.

## FACTUAL ALLEGATIONS

33.     Plaintiff is an experienced commercial driver and has been searching for meaningful employment which would allow him to better support himself and his family.

34.     Plaintiff is the primary provider for his family consisting of himself, his wife, and his two young children.

35.     To that end, on or about September 24, 2025, Plaintiff applied for full-time employment with Landstar. The position was for an over-the-road driver using his own semi-truck.

36.     Prior to applying with Landstar, Plaintiff possessed a valid Florida commercial driver's license ending in 1060.

37.     Plaintiff's former New Jersey CDL ending in 3841 expired on March 31, 2021.

38.     Beginning in approximately September 2025, Landstar procured employment background reports concerning Plaintiff from Defendant.

39.     Defendant prepared and furnished multiple reports concerning Plaintiff between September 2025 and March 2026 in connection with Plaintiff's application for employment with Landstar.

Jacinto v. HireRight, LLC
Complaint and Demand for Jury Trial

40. Those reports repeatedly identified the expired New Jersey CDL as the "Current License reported by CDLIS."

41. Defendant simultaneously possessed information reflecting Plaintiff's Florida CDL. Specifically, Defendant's reports also referenced Plaintiff's Florida commercial driver's license ending in 1060 and reflected that it was excluded from the PSP inquiry process as "Not Ordered – Multiple License File Excluded."

42. Nevertheless, Defendant continued associating Plaintiff's CDLIS information with the expired New Jersey CDL.

43. On January 23, 2026, Defendant prepared a consumer report for Landstar.

44. The report identified the New Jersey CDL as the CDLIS license associated with Plaintiff.

45. The report further reflected that the Florida CDL was excluded from the PSP inquiry process as "Not Ordered – Multiple License File Excluded."

46. Defendant issued substantially similar reports thereafter.

47. On February 23, 2026, Plaintiff disputed Defendant's reporting.

48. Defendant acknowledged receipt of Plaintiff's dispute.

49. Plaintiff informed Defendant that the New Jersey CDL was expired and that his valid CDL was the Florida CDL ending in 1060.

50. Plaintiff provided documentation supporting his dispute.

Jacinto v. HireRight, LLC
Complaint and Demand for Jury Trial

51. Upon information and belief, Defendant contacted the New Jersey Motor Vehicle Commission regarding the dispute.

52. Upon information and belief, the New Jersey MVC advised Defendant that Plaintiff's New Jersey CDL had expired and had been downgraded before expiration.

53. Defendant therefore possessed information confirming that the New Jersey CDL was no longer valid.

54. Despite possessing that information, Defendant failed to make meaningful corrections.

55. On March 4, 2026, Defendant furnished another consumer report to Landstar concerning Plaintiff.

56. The March 4, 2026 report again identified the New Jersey CDL in the CDLIS section.

57. The March 4, 2026 report again excluded Plaintiff's Florida CDL from the PSP inquiry process as "Not Ordered – Multiple License File Excluded."

58. Plaintiff submitted additional disputes to Defendant on or about April 23 and April 24, 2026.

59. Plaintiff again explained that the New Jersey CDL had expired and that the Florida CDL was his valid commercial driver's license.

60. Defendant refused to correct the reporting.

8

Jacinto v. HireRight, LLC
Complaint and Demand for Jury Trial

61. Defendant maintained that no correction was warranted.

62. The sole reason the inaccurate information was reported to Landstar in consumer reports concerning Plaintiff was that Defendant failed to follow reasonable procedures to assure the maximum possible accuracy of the information it published within the consumer report it sold about Plaintiff to Plaintiff's prospective employer.

63. Had Defendant followed reasonable procedures, it would have discovered that Plaintiff's New Jersey commercial driver's license was expired and that Plaintiff instead maintained a valid and active Florida commercial driver's license, and would not have reported the same.

64. In preparing and selling a consumer report about Plaintiff, wherein Defendant published to Plaintiff's prospective employer inaccurate information about Plaintiff, Defendant failed to follow reasonable procedures to assure that the report was as accurate as maximally possible, in violation of 15 U.S.C. § 1681e(b).

65. Despite Plaintiff's dispute, Defendant failed to conduct a reasonable reinvestigation, or any reinvestigation at all, of Plaintiff's February and April 2026 disputes and failed to correct the disputed information in violation of 15 U.S.C. § 1681i(a)(1)(A).

### Plaintiff's Damages

66. As a result of Defendant's reporting, Landstar did not move forward with Plaintiff's employment qualification process.

Jacinto v. HireRight, LLC
Complaint and Demand for Jury Trial

67.    But for Defendant's inaccurate consumer report, Plaintiff's job offer would have proceeded to a hiring action, and Plaintiff would have been spared the humiliation, embarrassment, and stress imposed upon Plaintiff to correct Defendant's erroneous reporting.

68.    At the time of Plaintiff's first dispute in February 2026, a Landstar representative communicated to Plaintiff that "We are starting the file but we still have to wait until it does show that FL is the current CDL on the CDLIS."

69.    Plaintiff surely would have been able to begin working with Landstar had Defendant corrected its reporting.

70.    As a result of the inaccurate and misleading reporting, Plaintiff was unable to move forward with the Landstar qualification process. Plaintiff intended to work with Landstar as an over-the-road driver using his own semi-truck and anticipated earning approximately $12,000 to $15,000 per month, or roughly $3,000 to $3,750 per week.

71.    Plaintiff's truck was already registered, plated, and ready for use but remained idle due to his inability to qualify through Landstar.

72.    The loss of this opportunity was significant, as the expected income exceeded his current earnings and would have allowed him to operate his own truck in active commercial service.

73.    Plaintiff expended considerable time and effort communicating with

Jacinto v. HireRight, LLC
Complaint and Demand for Jury Trial

Landstar, HireRight, and DMV-related sources, as well as gathering documents and seeking clarification as to why the inaccurate information continued to appear despite his valid and active Florida commercial driver's license.

74.    The injuries suffered by Plaintiff as a direct result of Defendant's erroneous reporting are the type of injuries that the FCRA was enacted to address.

75.    As a result of Defendant's violations of the FCRA, Plaintiff has suffered a range of actual damages including, without limitation, loss of employment opportunities, wages, and benefits; loss of economic opportunities; loss of time and money trying to correct his background check report; the expenditure of labor and effort disputing and trying to correct the inaccurate reporting; damage to his reputation; loss of sleep; loss of capacity for enjoyment of life; and emotional distress, including mental anguish, anxiety, fear, frustration, humiliation, and embarrassment.

## CLAIMS FOR RELIEF
### COUNT I
### 15 U.S.C. § 1681e(b)
### Failure to Follow Reasonable Procedures to Assure Maximum Possible Accuracy

76.    Plaintiff re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs as if fully stated herein.

77.    Defendant is a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f).

11

78. At all times pertinent hereto, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

79. At all times pertinent hereto, the above-mentioned consumer report was a "consumer report" as that term is defined by 15 U.S.C. § 1681a(d).

80. Defendant violated 15 U.S.C. § 1681e(b) by failing to establish or to "follow reasonable procedures to assure maximum possible accuracy" in the preparation of the above-mentioned consumer reports it sold about Plaintiff to Landstar as well as the information it published within the same.

81. As a result of Defendant's violations of the FCRA, Plaintiff has suffered a range of actual damages including, without limitation, loss of employment opportunities, wages, and benefits; loss of economic opportunities; loss of time and money trying to correct his background check report; the expenditure of labor and effort disputing and trying to correct the inaccurate reporting; damage to his reputation; loss of sleep; loss of capacity for enjoyment of life; and emotional distress, including mental anguish, anxiety, fear, frustration, humiliation, and embarrassment.

82. Defendant willfully violated 15 U.S.C. § 1681e(b) in that its conduct, actions, and inactions were willful, rendering them liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. Alternatively, they were negligent, entitling Plaintiff to

Jacinto v. HireRight, LLC
Complaint and Demand for Jury Trial

recover under 15 U.S.C. § 1681o.

83.     Plaintiff is entitled to recover statutory damages, punitive damages, and reasonable attorneys' fees and costs from Defendant in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

## COUNT II
## 15 U.S.C. § 1681i
### Failure to Perform a Reasonable Reinvestigation

84.     Plaintiff re-alleges and incorporates by reference the allegations set forth in the above paragraphs 1-75 as if fully stated herein.

85.     The FCRA mandates that a CRA conducts an investigation of the accuracy of information "[I]f the completeness or accuracy of any item of information contained in a consumer's file" is disputed by the consumer. *See* 15 U.S.C. § 1681i(a)(1). The Act imposed a 30-day time limit for the completion of such an investigation. *Id*.

86.     The FCRA provides that if a CRA conducts an investigation of disputed information and confirms that the information is in fact inaccurate or is unable to verify the accuracy of the disputed information, the CRA is required to delete that item of information from the consumer's file. *See* 15 U.S.C. § 1681i(a)(5)(A).

87.     On at least one occasion during 2026, Plaintiff disputed the inaccurate information with Defendant and requested that Defendant correct the inaccurate information in the consumer report that is inaccurate and misleading.

13

Jacinto v. HireRight, LLC
Complaint and Demand for Jury Trial

88.     In response to Plaintiff's dispute, Defendant failed to conduct a reinvestigation, or such investigation was so shoddy as to allow the inaccurate and misleading, and damaging information to remain in the consumer report and refused to correct the consumer report at issue.

89.     Defendant violated 15 U.S.C. § 1681i by failing to conduct a reasonable reinvestigation to determine whether the disputed information was inaccurate; by failing to correct the disputed inaccurate information from the subject consumer report; and by failing to follow reasonable procedures with which to filter and verify disputed information in Plaintiff's consumer report/file.

90.     As a result of Defendant's violations of the FCRA, Plaintiff has suffered a range of actual damages including, without limitation, loss of employment opportunities, wages, and benefits; loss of economic opportunities; loss of time and money trying to correct his background check report; the expenditure of labor and effort disputing and trying to correct the inaccurate reporting; damage to his reputation; loss of sleep; loss of capacity for enjoyment of life; and emotional distress, including mental anguish, anxiety, fear, frustration, humiliation, and embarrassment.

91.     Defendant willfully violated 15 U.S.C. § 1681i in that its conduct, actions, and inactions were willful, rendering them liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant

Jacinto v. HireRight, LLC
Complaint and Demand for Jury Trial

to 15 U.S.C. § 1681n.    Alternatively, they were negligent, entitling Plaintiff to recover under 15 U.S.C. § 1681o.

92.    Plaintiff is entitled to recover statutory damages, punitive damages, and reasonable attorneys' fees and costs from Defendant in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that the Court enter a judgment awarding Plaintiff actual damages, statutory damages, punitive damages, and reasonable attorneys' fees and costs, and awarding Plaintiff such other and further relief as the Court may deem appropriate and proper.

## DEMAND FOR JURY TRIAL

Plaintiff is entitled to and hereby demands a trial by jury on all issues so triable.

RESPECTFULLY SUBMITTED this June 24, 2026

By:/*s/ David Pinkhasov*
David Pinkhasov, FL # 1040933
CONSUMER ATTORNEYS PLLC
68-29 Main Street
Flushing, NY 11367
T: (718) 701-4605
F: (718) 247-8020
E: dpinkhasov@consumerattorneys.com

*Attorneys for Plaintiffs,*
*Edjacir Marcio Alberto Jacinto*

15